**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| Anthony Petronzio, | CASE NO. 1:17 CV 365 |
| Plaintiff, | CHIEF JUDGE PATRICIA A. GAUGHAN |
| v. | |
| | **Memorandum of Opinion and Order** |
| Buckingham, Doolittle & Burroughs, *et al.*, | |
| Defendants. | |

## INTRODUCTION

*Pro se* Plaintiff Anthony Petronzio filed this action under 42 U.S.C. § 1983 against the law firm of Buckingham, Doolittle & Burroughs, LLC. ("the law firm"), his adoptive parent Phyllis Faehnrich, Cynthia Smith, and the State of Ohio. In the Complaint, Plaintiff alleges he was illegally adopted in 1964. He seeks reversal of the adoption, and monetary damages in the amount of ten million dollars.

Plaintiff also filed an Application to Proceed *In Forma Pauperis* (ECF No. 2) and a Motion for the Appointment of Counsel (ECF No. 3). His Application to Proceed *In Forma Pauperis* (ECF No. 2) is granted. For the reasons set forth below, his Motion for the Appointment of Counsel (ECF No. 3) is denied.

## BACKGROUND

Plaintiff alleges he was born in 1964 to a teenaged mother who placed him up for adoption. He claims, without further explanation, that Phyllis Faehnrich adopted him and

"use[d] false names in the application." (ECF No. 1 at 2). He alleges the law firm committed fraud by filing a lawsuit in Faehnrich's name, and submitted false documents to the Cuyahoga County Court of Common Pleas. He alleges Smith conspired to silence the illegal adoption by making up false charges and filing a lawsuit in Faehnrich's name without her knowledge or consent to defraud her of legal papers that belong to the Plaintiff. He claims the Defendants submitted false evidence in interrogatories in 2015 and states that Smith still has his birth certificate and marriage license.

**STANDARD OF REVIEW**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation."

*Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

## DISCUSSION

Federal courts are courts of limited jurisdiction and, unlike state trial courts, they do not have general jurisdiction to review all questions of law. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Instead, they have only the authority to decide cases that the Constitution and Congress have empowered them to resolve. *Id.* Consequently, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377(1994) (internal citation omitted).

Generally speaking, the Constitution and Congress have given federal courts authority to hear a case only when diversity of citizenship exists between the parties, or when the case raises a federal question. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The first type of federal jurisdiction, diversity of citizenship, is applicable to cases of sufficient value between "citizens of different states." 28 U.S.C. § 1332(a)(1). To establish diversity of citizenship, the Plaintiff must establish that he is a citizen of one state and all of the Defendants are citizens of other states. The citizenship of a natural person equates to his domicile. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir. 1990). The second type of federal jurisdiction relies on the presence of a federal question. This type of jurisdiction arises where a "well-pleaded Complaint establishes either that federal law creates the cause of action or that the Plaintiff's

right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983).

Diversity of citizenship does not exist in this case. The Complaint, as written, suggests that the Plaintiff and Defendants are all citizens of Ohio.

If federal jurisdiction exists in this case, it must be based on a claimed violation of federal law. Plaintiff contends he is asserting claims under 42 U.S.C. § 1983, 18 U.S.C. § 371 (conspiracy to commit offense or to defraud United States), and 18 U.S.C. § 1519 (destruction, alteration, or falsification of records in federal investigations and bankruptcy). Claims under 42 U.S.C. § 1983 can only be asserted against state or local government officials. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). None of these Defendants is a government official. The other two citations are to criminal statutes. They do not create independent private causes of action. *See, e.g., Nicole Energy Servs., Inc. v. McClatchey*, No. 2:08 CV 0463, 2010 WL 55718, at *6 (S.D. Ohio Jan.4, 2010) (holding that 18 U.S.C. § 1001 bars a private right of action); *Drake v. Miller*, No. 3:08 CV 552, 2009 WL 1534673, at *2 (W.D. Ky. May 29, 2009) ("28 U.S.C. §§ 1331, 1343, and 1361 are statutes which confer jurisdiction and are not independent causes of action."); *DuBose v. Kasich*, No. 2:11 CV 00071, 2013 WL 164506, 2 (S.D. Ohio Jan. 15, 2013). Plaintiff has not established a basis for federal question jurisdiction.

**CONCLUSION**

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 2) is granted, his Motion for the Appointment of Counsel (ECF No. 3) is denied, and this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

      /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Court
Chief Judge

Dated: 6/21/17